Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CREATIVE PHOTOGRAPHERS, INC, <br><br> Plaintiff, <br><br> v. <br><br> WATAN NEWS, LLC., et al., <br><br> Defendants. | Case No. 2:24−cv−08923−JLS−MAA <br> *Hon. Josephine L. Staton Presiding* <br><br> **NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT WATAN NEWS, LLC** <br><br> Date: February 21, 2025 <br> Time: 10:30 a.m. <br> Courtroom: 8A |

TO THE COURT, ALL PARTIES, AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on February 21, 2025 at 10:30 a.m., or as soon thereafter as this Court may hear this matter, Plaintiff Creative Photographers, Inc. ("Plaintiff") will and hereby does request entry of default judgment against Defendant Watan News, LLC, a California corporation, on the following grounds:

1.     Watan News was served with operative Complaint and Summons (*see* Dkt. 11), and has not responded or otherwise appeared in this action;

2.     Default was entered against Watan News (*see* Dkt. 15);

3.     Upon information and belief, Watan News is not an infant, an incompetent person, in military service, or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940;

4.     Plaintiff is now entitled to default judgment against Watan News for copyright infringement;

5.     Plaintiff seeks statutory damages in the amount of $30,000;

6.     Plaintiff seeks its costs incurred in this litigation, which amount to $522;

7.     Plaintiff seeks its fees incurred, which amount to $2,400; and

8.     Notice of the entry of default and notice of this motion and the amount requested was served on Watan News on January 20, 2025 per Civil L.R. 55-1(e).

This motion is based on this Notice, the below memorandum and declarations filed in support, the record in this case, and such further and other evidence as may be presented during oral argument on this motion.


Dated: January 20, 2025                    DONIGER / BURROUGHS

                                   By:    /s/ Stephen M. Doniger
                                          Stephen M. Doniger, Esq.
                                          Benjamin F. Tookey, Esq.
                                          *Attorneys for Plaintiff*

NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT

# **TABLE OF CONTENTS**

I.    INTRODUCTION .................................................................................................... 1

II.   RELEVANT FACTS AND PROCEDURAL HISTORY ....................................... 1

III.  DEFAULT JUDGMENT IS PROCEDURALLY PROPER. ................................. 2

IV.   DEFAULT JUDGMENT IS PROPER BECAUSE CPI WILL BE PREJUDICED IF IT IS NOT ALLOWED TO RECOVER ON ITS LAWFUL CLAIM OF INFRINGEMENT ................... 3

  A.    Denial of this motion for default judgment would prejudice CPI ................... 3

  B.    CPI's infringement claims are meritorious and sufficiently pleaded ............. 4

  C.    CPI should not be denied the substantial damages it would likely prove up and recover from Watan News at trial ........................................... 5

  D.    There is little possibility of a dispute concerning material facts ................... 5

  E.    Watan News' neglect in defaulting is not excusable ..................................... 6

  F.    Watan News has rendered a decision on the merits impossible ..................... 6

V.    CPI SHOULD BE AWARDED STATUTORY DAMAGES OF $30,000. ............ 7

  A.    Given Watan News' failure to participate in this litigation, CPI elects to recover statutory damages ............................................... 7

  B.    A $30,000 statutory damages award is reasonable ....................................... 8

    1.    CPI would succeed in providing Watan News' liability at trial .............. 9

    2.    A statutory damages award will prevent Watan News from unjustly enriching itself through unauthorized use of the Subject Photograph ........... 9

    3.    A $30,000 statutory damages award will deter future infringement ....... 10

VII.  CPI IS ENTITLED TO RECOVER ITS ATTORNEYS' FEES. ....................... 10

VIII. CONCLUSION ................................................................................................... 11

NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT

# <u>TABLE OF AUTHORITIES</u>

**Cases** **Page(s)**

*Aldabe v. Aldabe,*
   616 F.2d 1089 (9th Cir. 1980) ........................................................ 3

*Aries Music Entm't, Inc. v. Angelica's Record Distributors, Inc.,*
   506 Fed. Appx. 550 (9th Cir. 2013) ................................................. 8

*Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham, Inc.,*
   259 F.3d 1186 (9th Cir. 2001) ........................................................ 7

*Eitel v. McCool,*
   782 F.2d 1470 (9th Cir. 1986) ........................................................ 3

*Elektra Entertainment Group, Inc. v. Crawford,*
   226 F.R.D. 388 (C.D. Cal. 2005) ............................................... 8, 10

*Feist Pubs., Inc. v. Rural Telephone Service Co., Inc.,*
   499 U.S. 340 (1991) ......................................................................... 4

*James v. Frame,*
   6 F.3d 307 (5th Cir. 1993) ............................................................. 11

*Joe Hand Promotions, Inc. v. Pollard,*
   2010 WL 2902343 (E.D. Cal. July 22, 2010) ................................. 2

*L.A. Printex Industries Inc. vs. G&G Multitex, Inc.,*
   2010 WL 6648986 (C.D. Cal. Dec. 8, 2010) .................................. 9

*Los Angeles News Service v. Reuters Television Intern, Ltd.,*
   149 F.3d 987 (9th Cir. 1998) .......................................................... 7

*Microsoft Corp. v. Nop,*
   549 F. Supp. 2d 1233 (E.D. Cal. 2008) ................................... 5, 6, 7

*Peer Int'l Corp. v. Pausa Records, Inc.,*
   909 F.2d 1332 (9th Cir. 1990) ........................................................ 8

*PepsiCo, Inc. v. California Security Cans,*
   238 F.Supp.2d 1172 (C.D. Cal. 2002) ............................................ 3

*Shaw v. Lindheim*,
  919 F.2d 1353 (9th Cir. 1990) ................................................................ 4

*Swaim v. Moltan Co.*,
  73 F.3d 711 (7th Cir. 1996) .................................................................... 2

*Televideo Systems, Inc. v. Heidenthal*,
  826 F.2d 915 (9th Cir. 1987) .................................................................. 4

*Three Boys Music Corp. v. Bolton*,
  212 F.3d 477 (9th Cir. 2000) .................................................................. 5

*Twentieth Century Fox Film Corp. v. Streeter*,
  438 F. Supp. 2d 1065 (D. Ariz. 2006) ........................................... 4, 6, 10

*Warner Bros. Entm't Inc. v. Caridi*,
  346 F. Supp. 2d 1068 (C.D. Cal. 2004) ............................................... 4, 6

**Statutes**

17 U.S.C. § 106 ............................................................................................. 5

17 U.S.C. § 410 ............................................................................................. 5

17 U.S.C. § 501(b) ........................................................................................ 1

17 U.S.C. § 504(c) ........................................................................................ 6

17 U.S.C. § 504(c)(1) ................................................................................ 7, 8

17 U.S.C. § 504(c)(2) ................................................................................... 7

17 U.S.C. § 505 ..................................................................................... 10, 11

**Rules**

Fed. R. Civ. P. 55(b)(1)-(2) .......................................................................... 2

Fed. R. Civ. P. 55(b)(2) ................................................................................ 2

**Other Authorities**

L.R. 55-3 ................................................................................................ 11, 1

NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This is a straightforward case of copyright infringement by Defendant Watan News, LLC, a California corporation ("Watan News"), of an original photograph (the "Subject Photograph"). CPI is the exclusive licensing agent for the Subject Photograph and thus has standing under 17 U.S.C. § 501(b). Dkt. 1 ¶ 4. The Subject Photograph was registered with the Copyright Office in 2022.

Following the publication and display of the Subject Photograph, Watan News commercially exploited the Subject Photograph on its website watanserb.com without CPI's authorization. Katz Decl. ¶ 6. Watan News has been notified of this action numerous times yet has refused to participate. As a result, Plaintiff now moves for default judgment against Watan News in the amount of $32,922.00. This amount includes $30,000 in statutory damages, $522 in recoverable costs, and $2,400 in attorneys' fees as allowed by L.R. 55-3.

### II.    RELEVANT FACTS AND PROCEDURAL HISTORY

CPI is a premier photographic syndication company that provides photos of models and celebrities created by internationally renowned photographers to communication and media businesses. Dkt. 1 ¶ 4. CPI is the exclusive licensing agent for the Subject Photograph, and as such has standing under 17 U.S.C. § 501(b). *Id.* The Subject Photograph was taken by internationally renowned photographer Zoey Grossman, for whom CPI serves as exclusive licensing agent, and was registered with the Copyright Office. Katz Decl. ¶ 5.

CPI heavily invests in ensuring that its syndication portfolio is competitive and in demand for licensing, and protects its investment by registering those photos with the Copyright Office. Katz Decl. ¶ 4. Even still, CPI faces the unauthorized exploitation of the photographs that it exclusively syndicates. *Id.* CPI's business is seriously undercut and existentially threatened—including irreparable reputational damage, as CPI's photographer clients and its authorized licensees expect careful and

limited dissemination of the photos CPI syndicates—by copyright infringement. *Id.* That is what happened here.

Watan News commercially exploited the Subject Photograph on its website without Plaintiff's authorization. Dkt. 1 ¶ 9. CPI sent a cease-and-desist letter to Watan News requesting that it remove the Subject Photograph and provide information that would allow the paties to resolve this dispute amicably, but Watan News failed to respond. Doniger Decl. ¶ 5. That necessitated this case.

Watan News was served with the Summons and Complaint (Dkt. 11), and has not responded or otherwise appeard in this action. The Clerk entered default against Watan News. Dkt. 13. Because Watan News' refusal to cooperate in this litigation has made it impossible for Plaintiff to determine the level of willfulness for Watan News' infringement of the Subject Photograph or the appropriate damages for the same, CPI was left with no choice but to move for default judgment against Watan News.

This Court should grant default judgment against Watan News.

## III. DEFAULT JUDGMENT IS PROCEDURALLY PROPER.

Default was entered against Watan News, so CPI has no other course to pursue against this defendant other than moving for default judgment.

Entry of default judgment ensures "that litigants who are vigorously pursuing their cases are not hindered by those who are not in an environment of limited judicial resources." *Swaim v. Moltan Co.*, 73 F.3d 711 (7th Cir. 1996); *see also Joe Hand Promotions, Inc. v. Pollard*, 2010 WL 2902343 (E.D. Cal. July 22, 2010); Fed. R. Civ. P. 55(b)(2). As the sum of judgment is not certain, Plaintiff seeks default judgment through the Court. Fed. R. Civ. P. 55(b)(1)-(2).

Plaintiff has taken all reasonable steps to notify Watan News of this pending litigation, but Watan News has failed to respond to the Complaint or otherwise appear or participate in this litigation whatsoever. Doniger Decl. ¶ 2. As the time for its response has lapsed, Plaintiff is left with no other rescourse to enforce its copyrights

but to request entry of default judgment against Watan News. All necessary procedural requirements have been met for this Court to enter default judgment.

## IV. DEFAULT JUDGMENT IS PROPER BECAUSE CPI WILL BE PREJUDICED IF IT IS NOT ALLOWED TO RECOVER ON ITS LAWFUL CLAIM OF INFRINGEMENT

This is a straightforward case of copyright infringement by Watan News. Because it is unlikely that there would be any genuine dispute concerning Watan News' use of the Subject Photograph, Plaintiff would be prejudiced if unable to prosecute its case and obtain the substantial amount of statutory damages it believes it would likely recover at trial.

The Court may grant default judgment in its discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making its decision, the Court may consider various factors, including (1) the possibility of prejudice to Plaintiff; (2) the merits of Plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether Defendant's default was due to excusable neglect; and (7) federal policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Here, the *Eitel* factors weigh in favor of granting default judgment against Watan News.

### A. Denial of this motion for default judgment would prejudice CPI

Plaintiff has vigorously pursued its case and diligently attempted to notice Watan News of this pending litigation. Rather than hiring counsel and attempting to properly litigate Plaintiff's infringement claims, Watan News opted to simply default—perhaps in the hope that the judgment rendered would be lower than its potential legal fees. To allow Watan News to escape liability by ignoring CPI and the judicial process would prejudice CPI, a lawful copyright claimant. *See PepsiCo, Inc. v. California Security Cans*, 238 F.Supp.2d 1172, 1177 (C.D. Cal. 2002) (stating that

if the plaintiff's motion for default judgment was not granted, plaintiff would be without other recourse for recovery).

Further, Plaintiff has already incurred expenses in serving Watan News and attorneys' fees in taking the necessary procedural steps to obtain default judgment. Without entry of default judgment against Watan News, Plaintiff would be prejudiced and without other recourse for recovery. This factor favors entering default judgment against Watan News.

**B.     CPI's infringement claims are meritorious and sufficiently pleaded**

Because the Complaint contains all necessary factual allegations for a copyright infringement claim, and because such allegations must be taken, Plaintiff satisfies the second and third *Eitel* factors.

For purposes of default judgment, all factual allegations, except those pertaining to damages, are deemed admitted. *Televideo Systems, Inc. v. Heidenthal,* 826 F.2d 915, 918 (9th Cir. 1987). To properly allege a copyright infringement claim, a plaintiff "must demonstrate '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1071 (D. Ariz. 2006) (quoting *Feist Pubs., Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991)); *see also Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1073 (C.D. Cal. 2004) (finding a complaint sufficient for the purposes of default judgment in a copyright infringement action where the plaintiff "alleged both ownership of a valid copyright and copying of constituent elements by [defendant]"). "Because, in most cases, direct evidence of copying is not available, a plaintiff may establish copying by showing that the infringer had access to the work and that the two works are substantially similar." *Shaw v. Lindheim*, 919 F.2d 1353, 1356 (9th Cir. 1990).

MOTION FOR DEFAULT JUDGMENT

Plaintiff is the exclusive licensing agent for the Subject Photograh.[1] The Complaint alleges use of the Subject Photograph by Watan News (Compl. ¶ 9) as well as Watan News' access to and unauthorized exploitation of the Subject Photograph (*id*. ¶ 12). Watan News' unauthorized reproduction and use of the Subject Photograph violates Plaintiff's exclusive rights in the same. *See* 17 U.S.C. § 106.

Because Plaintiff adequately alleges the elements of its copyright infringement claim, its Complaint is sufficient. This favors entering default judgment against Watan News.

### C.    CPI should not be denied the substantial damages it would likely prove up and recover from Watan News at trial

The statutory damages Plaintiff requests, discussed further below, is a substantial amount to which Plaintiff is entitled as an aggrieved copyright holder. The financial incentive to steal proprietary photographs and reproduce and use those photographs for commercial purposes is enormous. It is thus critical to adequately deter and sanction infringing activity. This favors entering default judgment against Watan News.

### D.    There is little possibility of a dispute concerning material facts

The Copyright Office registration covering the Subject Photograph is presumptively valid. *See* 17 U.S.C. § 410; *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 488–89 (9th Cir. 2000) ("[R]egistration is prima facie evidence of the validity of a copyright."). If Watan News genuinely disputed this validity, it likely would have appeared to defend itself in this litigation.

Accordingly, this favors entering default judgment against Watan News. *See Microsoft Corp. v. Nop*, 549 F. Supp. 2d 1233, 1237 (E.D. Cal. 2008) ("[I]n light of the entry of default against defendant, there is no apparent possibility of a dispute concerning the material facts underlying the action.").

---

[1] "[R]egistration is prima facie evidence of the validity of a copyright." *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 488–89 (9th Cir. 2000).

### E.      Watan News' neglect in defaulting is not excusable

Because Watan News was properly served with the Complaint, its failure to respond or appear is not due to excusable neglect. "A defendant's conduct in failing to respond may either be culpable or due to excusable neglect. A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and failed to answer." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1072 (C.D. Cal. 2004) (internal quotations omitted). Because Watan News has failed to appear in this action despite being served, it has not "demonstrated a clear purpose to defend the suit." *Twentieth Century Fox Film Corp*, 438 F.Supp.2d at 1074 n1.

Because Watan News has made no appearance in the correct form whatsoever, nor has it made any effort even to argue excusable neglect for its disregard of Plaintiff's claim and the judicial process, this factor weighs heavily in favor of default judgment.

### F.      Watan News has rendered a decision on the merits impossible

Watan News' refusal to participate in this litigation has made a decision on the merits impossible. Default judgment is thus appropriate.

Courts have found that "in light of the entry of default against defendant, there is no apparent possibility of a dispute concerning the material facts underlying the action." *Microsoft Corp. v. Nop*, 549 F. Supp. 2d 1233, 1237 (E.D. Cal. 2008). Watan News failed to answer the Complaint, so Plaintiff was deprived of the opportunity to conduct discovery to facilitate a decision on the merits. Because the Copyright Act allows statutory damages in lieu of actual damages (17 U.S.C. §504(c)), recovery for Plaintiff is still possible despite such recalcitrance from Watan News. As discussed below, Plaintiff requests such allowable statutory damages.

This factor favors entering default judgment.

***

For these reasons, the *Eitel* factors demonstrate that this Court should grant default judgment against Watan News.

## V.    CPI SHOULD BE AWARDED STATUTORY DAMAGES OF $30,000.

Pursuant to Plaintiff's Complaint, Watan News is in default on and now liable for copyright infringement. As such, Plaintiff is entitled to damages in the sum of $30,000. *See* 17 U.S.C. § 504(c)(2).

### A. Given Watan News' failure to participate in this litigation, CPI elects to recover statutory damages

Watan News failed to answer the Complaint and thus deprived Plaintiff of the opportunity to discover the full scope of Watan News' profits or continued use of the Subject Photograph in order to compute Plaintiff's damages. "[S]tatutory damages are appropriate in default judgment cases because the information needed to prove actual damages is within the infringers' control and is not disclosed." *Microsoft Corp. v. Nop*, 549 F. Supp. 2d 1233, 1238 (E.D. Cal. 2008). Because Watan News made Plaintiff unable to approximate actual damages as a result of Watan News' infringement, Plaintiff elects to recover statutory damages.

Pursuant to the Copyright Act, the plaintiff in a copyright infringement suit "may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work . . . in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1).  Further, "because awards of statutory damages serve both compensatory and punitive purposes, a plaintiff may recover statutory damages whether or not there is adequate evidence of the actual damages suffered by plaintiff or the profits reaped by defendant." *Los Angeles News Service v. Reuters Television Intern, Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998); *Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham, Inc.*, 259 F.3d 1186 (9th Cir. 2001).

In this case, Watan News chose not to answer or otherwise respond to the Complaint and thus frustrated Plaintiff's ability to determine actual damages and profit disgorgement. Statutory damages are therefore appropriate.

## B. A $30,000 statutory damages award is reasonable

CPI is the exclusive licensing agent for the Subject Photograph. Because Plaintiff's business depends on the protection of its copyrights, infringements like the one at issue are particularly troubling, particularly where it appears that a trial on the merits would reveal that Watan News commercially exploited the Subject Photograph without regard for its copyrighted status—such that heightened statutory damages for willful infringement would be available.

Plaintiff seeks to recover $30,000–the maximum statutory damages award allowed for non-willful infringement. 17 U.S.C. §§ 504(c)(1); *see Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990). When determining an amount of statutory damages in the context of default judgment in a copyright infringement action, the Court is guided by "the nature of the copyright, the circumstances of the infringement and the . . . express qualification that in every case the assessment must be within the prescribed maximum or minimum." *Peer Int'l Corp.*, 909 F.2d at 1336 (9th Cir. 1990); *see also Elektra Entertainment Group, Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("[T]he amount of statutory damages and costs requested consists of discretionary awards and statutory minimums.").

Furthermore, where the plaintiff has "pled that the defendants engaged in continuing willful infringement of its copyrights . . . the district court's default judgment includes an implied finding of willfulness." *Aries Music Entm't, Inc. v. Angelica's Record Distributors, Inc.*, 506 Fed. Appx. 550, 552 (9th Cir. 2013).

Here, Plaintiff has established by presumption of willfulness by pleading that Defendant has "committed copyright infringement with actual or constructive knowledge of, or with reckless disregard or willful blindness for, Plaintiff's rights in the Subject Photograph, such that said acts of copyright infringement were willfull." Compl. ¶ 16. Nevertheless, although Plaintiff may seek statutory damages of up to $150,000, it only requests damages of $30,000.

Because the requested statutory damages amount is within the statutorily prescribed minimum and maximum, Plaintiff's request is not unreasonable and should be granted in order to vindicate its claim of copyright infringement.

### 1. CPI would succeed in providing Watan News' liability at trial

This amount is reasonable in light of Watan News' infringement of Plaintiff's copyrights in the Subject Photograph on its commercial website. As discussed above, Plaintiff would have been able to prove this infringement at trial. An infringer, like Watan News, should not be unjustly enriched for its refusal to take responsibility for its unlawful actions. Thus, awarding Plaintiff anything less than the statutory maximum would effectively reward Watan News' refusal to cooperate in this litigation and encourage other defendants to follow suit.

### 2. A statutory damages award will prevent Watan News from unjustly enriching itself through unauthorized use of the Subject Photograph

In essence, the Copyright Act provides that no party should profit from the unauthorized use of a proprietary work. Unfortunately, Watan News' default prevents Plaintiff from uncovering the scope of the infringement or how much was earned by Watan News—damages that would fall on Watan News to pay should Plaintiff recover at trial.

Moreover, Watan News' default prevents Plaintiff from obtaining a jury verdict against it for $30,000 in statutory damages, a statutory damages award that Plaintiff's counsel has successfully attained in other cases. *See, e.g.*, *L.A. Printex Industries Inc. vs. G&G Multitex, Inc.*, 2010 WL 6648986 (C.D. Cal. Dec. 8, 2010) (jury verdict for $150,000 in statutory damages against Defendant who claimed only a few thousand in profits). The availability of a substantial statutory damages award against Watan News exists even if its profits were relatively small.

If Watan News had participated in this litigation, it would likely have faced damages in excess of $30,000 plus costs of litigation for itself and Plaintiff. It stands to be unjustly enriched by anything less than $30,000 given Watan News' blatant and

reckless disregard for its actions in copyright infringement and failing to participate in this litigation despite notice of the same.

### 3. A $30,000 statutory damages award will deter future infringement

An award of $30,000.00 will serve as an effective deterrent for those like Watan News who seek to profit from the work of others. Individual artists and creators producing high quality work will not be able to survive if their competitive advantage—namely, their intellectual property—can be stolen without serious consequence, and that applies with full force here.

Because the theft of proprietary works from copyright holders and unauthorized use of those works for commercial purposes presents an existential threat to Plaintiff and the photographers it represents as exclusive licensing agent—whose livelihoods depend on controlling how and when their reative works are used and the value of those uses—it is critical to adequately punish and deter infringing activity. That is the very purpose of statutory damages. Thus, an award of $30,000 in statutory damages against Watan News for its infringement is necessary to effect that purpose.

## VI. CPI IS ENTITLED TO RECOVER $522 IN COSTS

Under the Copyright Act, a prevailing copyright owner may recover full costs. 17 U.S.C. § 505; *see also Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D. 388 (C.D. Cal. 2005) (awarding full costs to Plaintiff in default judgment for copyright infringement action). "An award of attorneys' fees would promote the protection of copyrights and further the goal of deterrence, by encouraging infringement actions for such violations." *Twentieth Century Fox Film Corp.*, 438 F.Supp.2d at 1075.

Plaintiff requests to recover $522.00 in costs. *See* Doniger Decl. ¶ 7.

## VII. CPI IS ENTITLED TO RECOVER ITS ATTORNEYS' FEES.

In addition to costs, a prevailing copyright owner may also recover reasonable attorneys' fees under the Copyright Act. 17 U.S.C. § 505. Plaintiff requests to recover these fees by this Court's default judgment.

A court may award "full costs, including reasonable attorneys' fees, to the prevailing party in a claim arising under the Copyright Act." 17 U.S.C. § 505. Where a plaintiff is entitled to attorneys' fees by statute, the Court may award reasonable attorneys' fees with a default judgment in its discretion. *James v. Frame*, 6 F.3d 307, 311 (5th Cir. 1993). This Court can award an amount greater than that calculated under the schedule of attorney fees for default cases. *See* Civil L.R. 55-3.

In this case, because Plaintiff seeks a default judgment of $30,000, Civil L.R. 55-3 provides an attorney's fee award of $2,400. Thus, Plaintiff requests an award of $2,400. *See* Doniger Decl. ¶ 6.

## VIII.  CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court enter a default judgment against Watan News and in favor of Plaintiff awarding statutory damages in the amount of $30,000, attorneys' fees in the amount of $2,400, and costs in the amount of $522.

Respectfully submitted,

Date: January 20, 2025        By:    /s/ *Stephen M. Doniger*
                                     Stephen M. Doniger, Esq.
                                     Benjamin F. Tookey, Esq.
                                     DONIGER / BURROUGHS
                                     *Attorneys for Plaintiff*

## DECLARATION OF STEPHEN M. DONIGER, ESQ.

I, Stephen M. Doniger, am counsel of record for Plaintiff Creative Photographers, Inc. in this action. If called as a witness, I could and would competently testify as set forth below:

1.      My firm caused this lawsuit to be filed against Defendant Watan News, LLC, which was served on November 1, 2024 (*see* Dkt. 11).

2.      Although Watan News was served with the Summons and Complaint, it has not responded or otherwise appeared in this action.

3.      The Clerk entered default against Watan News (Dkt. 15).

4.      To my knowledge, Watan News is not a minor, incompetent, or in military service.

5.      My office sent a cease-and-desist letter to Watan News to request removal of the Accused Post and to provide information that would allow the parties to resolve this dispute amicably. Watan News did not respond.

6.      Pursuant to Local Rule 55-3, Plaintiff seeks attorneys' fees in the amount of $2,400.

7.      Plaintiff has incurred at least $522 in litigation costs, including in connection with the service of process on Watan News, obtaining a default against Watan News, and serving Watan News with notice of the same.

8.      My office caused a copy of the Clerk's entry of default and a copy of this motion to be sent to Watan News on January 20, 2025.

I declare under the laws of the United States of America and the penalty of perjury that the foregoing is true and correct.

Dated: January 20, 2025           By:      /s/ *Stephen M. Doniger*
                                           Stephen M. Doniger
                                           Declarant